

# NUMBER 13-14-00733-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JUAN JOSE LOPEZ, JR.,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 111th District Court
### of Webb County, Texas.

# ORDER

### Before Chief Justice Valdez and Justices Rodriguez, and Garza
### Order Per Curiam

This cause is before the Court on appellant's motion to supplement the clerk's record.[1]   The clerk's record in this cause was filed on December 10, 2014, and a supplemental clerk's record was filed on December 11, 2014.   According to appellant,

---

[1] This case is before the Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket equalization order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

defendant's requested jury instructions are not included in the clerk's record because the original document is lost. Appellant requests that he be allowed to supplement the clerk's record with a copy of the "Defendant's Requested Jury Instructions" attached to the motion.

This situation requires us to effectuate our responsibility to avoid further delay and to preserve the parties' rights. *See* Tex. R. App. P. 37.3(a)(1). Accordingly, this appeal is ABATED and the cause REMANDED to the trial court.

Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine if the clerk's record, or any part thereof, has been lost or destroyed, and shall make appropriate findings under Tex. R. App. P. 34.5(e), if necessary. Otherwise, the court shall determine what steps are necessary to ensure the prompt preparation of a complete clerk's record, and shall enter any orders required to avoid further delay and to preserve the parties' rights. If a filing designated for inclusion in the clerk's record has been lost or destroyed and the parties cannot agree, by written stipulation, for a copy of that item to be included in a supplemental record, the trial court shall determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's supplemental record. Determining what constitutes an accurate copy of the missing item in the clerk's record is, thus, a determination to be made by the trial court. Accordingly, we DENY appellant's motion to supplement the clerk's record with the "Defendant's Requested Jury Instructions."

The trial court shall prepare and file its findings and orders and cause them to be included in a supplemental clerk's record which should be submitted to the Clerk of this

Court within thirty days from the date of this order.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
19th day of February, 2015.

3